IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD ROMANELLI,

               Plaintiff,                             ORDER

      v.                                                    07-cv-00019-bbc

DALIA SULIENE and CHRISTOPHER KUHL,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On March 17, 2008, this case is scheduled for trial on plaintiff's claims that while he was confined at the Columbia County jail for a period of about eleven weeks in 2006, defendant Dalia Suliene and Christopher Kuhl violated his constitutional right to medical care by refusing to treat his Crohn's disease and provide him with eye glasses unless plaintiff paid for the care and glasses in advance. Now before the court are two motions filed by defendants. The first has been docketed as a "Motion telephonic trial testimony of Damion Tassler by Defendant Capt. Kuhl" (Dkt. #72). The second is a letter to the court from defense counsel Jodi Yin that has been docketed as a "Motion [for] clarification by defendant Capt. Kuhl" (Dkt. #74). I will address each motion in turn.

      Defendants' first motion may be construed as a motion for permission to allow

1

contemporaneous transmission of the testimony of a defense witness pursuant to Fed. R. Civ. P. 43(a).  In it, defendants ask whether the court will allow them to take the trial testimony of an Officer Damion Tassler "by telephone."

Rule 43 states in relevant part:

> In every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise.  The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location.

In support of the motion, defense counsel Jodi Yin avers in an affidavit that the testimony of Officer Tassler "is necessary to defend against plaintiff's claims."  She says that Tassler is presently a member of the United States Army Reserve stationed at Fort McCoy, Wisconsin, and that his commanding officer has declined to release Tassler from his duties to testify in person at trial because he is needed to train reserve soldiers for deployment. According to Yin, Tassler's testimony is necessary because he "is the only [former] Columbia County jail staff member with personal knowledge of the events underlying plaintiff's intake [at the jail], which events have, in part, given rise to plaintiff's claims against [defendant] Kuhl."

Although Ms. Yin does not described precisely what relevance Tassler's testimony has to plaintiff's claim of wrongdoing against defendant Kuhl, for the purpose of this order, I will

2

assume that there is some relevance. However, I am not willing to allow Tassler to testify by telephone as defendants request unless defendants are prepared to arrange the testimony through videoconferencing. Plaintiff is entitled to allow the jury to determine Tassler's credibility by judging his demeanor on the stand in addition to weighing his verbal testimony against the testimony of other witnesses in the case.

If Ms. Yin intends to pursue the matter, she will have to start by determining whether videoconferencing equipment is available at Fort McCoy and, if it is, whether the equipment is compatible with the court's videoconferencing equipment. She can do that by contacting Clerk of Court Theresa Owens at (608) 264-5156. In addition, Ms. Yin will have to arrange with the Ms. Owens for a time during the week of March 10, 2008, to test the equipment from the courtroom in which it will be used. Unfortunately, the trial calendar is unusually busy during the week of March 10, so Ms. Yin should expect that it may be necessary to schedule the testing for a very early morning or late evening.

The second motion (Dkt. #74) is a letter dated March 4, 2008, from defense counsel asking for clarification whether the trial of this case will be bifurcated as the magistrate judge's May 17, 2007 preliminary pretrial conference order suggests. Because the trial of this case is expected to last less than two days, bifurcation will be unnecessary.

ORDER

IT IS ORDERED that defendants' motion for permission to allow contemporaneous transmission of the testimony of Officer Damion Tassler pursuant to Fed. R. Civ. P. 43 (Dkt. #72) is GRANTED in part and denied in part. Officer Damion Tassler will not be allowed to testify by telephone unless his testimony is provided by video conference on equipment that has been tested before the end of the week of March 10, 2007, and confirmed to be operational.

Further, IT IS ORDERED that defendants' motion for clarification (Dkt. #74) is GRANTED. The trial will not be bifurcated.

Entered this 6th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge