IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD ROMANELLI,

        Plaintiff,          ORDER

     v.               07-cv-00019-bbc

DALIA SULIENE,
DEPUTY KUHL,
CPT. KUHL and
STEVEN ROWE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Judgment was entered in this case on March 24, 2008, following a jury trial and the

return of the jury's verdict finding no liability on behalf of the defendants.  On March 28,

2008, plaintiff filed a motion for a new trial pursuant to Fed. R. Civ. P. 59(a) and a notice

of appeal of the judgment.  Plaintiff's motion for a new trial was referred to Magistrate Judge

Stephen L. Crocker because he presided over the trial at the consent of the parties.  In an

order dated June 16, 2008, Judge Crocker denied plaintiff's Rule 59(a) motion concluding

that the jury had reached a reasonable verdict following a fair trial.  That brings us to

plaintiff's notice of appeal.  Because the notice is not accompanied by the $455 fee for filing

1

his appeal, I construe plaintiff's notice to include a request for leave to proceed on appeal *in forma pauperis*.

Plaintiff's request for leave to proceed *in forma pauperis* on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal *in forma pauperis* is the requirement that he pay an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

Accordingly, IT IS ORDERED that plaintiff may have until July 24, 2008, in which to submit a certified copy of his trust fund account statement for the six-month period beginning approximately January 21, 2008 to approximately July 21, 2008. If, by July 24, 2008, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed *in forma pauperis* on the

ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 3rd day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

3