IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD ROMANELLI,

                    Plaintiff,                          ORDER

        v.                                    07-cv-19-bbc

DALIA SULIENE,
DEPUTY KUHL,
CPT. KUHL and
STEVEN ROWE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

When plaintiff failed to submit a trust fund account statement by July 24, 2008, so that I could assess him an initial partial payment of the fee for filing his appeal in this case, I entered an order on August 5, 2008, denying plaintiff's motion for leave to proceed in forma pauperis on appeal for his failure to show that he qualifies for indigent status. Now plaintiff has filed a "Motion in Accordance to Judge Crabb's Order on August 5th, 2008," dkt. #101. I construe plaintiff's submission to be a motion to withdraw his appeal or, in the alternative, for reconsideration of the decision to deny his request to proceed in forma pauperis on appeal.

1

First, I will address plaintiff's motion to withdraw his appeal.  In his motion, plaintiff says that he "doesn't wish to appeal the captioned case" and "beg[s] and pray[s] the courts will not force [him] to pay $455 for a remedy [he] ha[s]n't used." If plaintiff does not wish to continue with his appeal, his only remedy is to file a motion for voluntary dismissal with the Clerk of the Court of Appeals for the Seventh Circuit under Fed. R. App. P. 42(b), which states,

> The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due.  But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

According to this provision, plaintiff must file his motion with the Clerk of the Court of Appeals for the Seventh Circuit, 219 S. Dearborn St., Chicago, IL, 60606, and his motion must be accompanied by a signed stipulation of the parties and "any fees that are due." Otherwise, the dismissal may occur only on "terms agreed to by the parties or fixed by the court" of appeals.

Plaintiff should be aware that even if the court of appeals grants his motion for voluntary dismissal, he will still be required to pay the $455 fee for filing his appeal.  This obligation was incurred at the time he filed his notice of appeal and cannot be avoided by dismissing the appeal or by failing to pay when the fees are due.  Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997).

Alternatively, plaintiff asks for "a chance to proceed in forma pauperis." He does not say that he intends to provide a copy of his trust fund account statement and has not

provided proof that he has attempted to comply with this requirement.  However, in light

of the fact that plaintiff will be required to pay the $455 fee whether or not he decides to

pursue his appeal, he may wish to reconsider his request to withdraw his appeal.  I will vacate

the order of August 5, 2008, denying his request for leave to proceed in forma pauperis on

appeal and allow plaintiff one last opportunity to submit his statement.


## ORDER

IT IS ORDERED that the order entered August 5, 2008 is VACATED and a decision

on plaintiff's request for leave to proceed in forma pauperis on appeal is STAYED.  Plaintiff

will have until September 2, 2008, in which to submit a trust fund account statement

beginning approximately January 21, 2008 and ending approximately July 21, 2008.  If, by

September 2, 2008, plaintiff fails to submit the required statement, I will once again deny

his request for leave to proceed in forma pauperis on appeal for his failure to show that he

is entitled to indigent status.

Entered this 13th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3